UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| IREDELL SANDERS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | 3:12-cv-244 |
|  | ) |  |
| CAROLYN W. COLVIN, Acting | ) |  |
| Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Iredell Sanders sought Social Security disability benefits, but an Administrative Law Judge denied him relief. The ALJ concluded that Sanders' conditions – depressive disorder and personality disorder – were severe impairments, but the ALJ ultimately held that Sanders statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible and that he retained adequate residual functional capacity to perform jobs that existed in significant numbers in the national economy. Sanders now seeks review of the ALJ's decision. For the following reasons, the ALJ's decision will be affirmed.

## FACTUAL BACKGROUND

Readers looking for a detailed discussion of Sanders' medical record are directed to the detailed summary in the ALJ's decision. [R. 13-18.] Rather than simply reiterating that summary, I will give a brief overview of the history of Sanders' health issues.

Sanders filed an application for Disability Insurance Benefits on November 18, 2008, alleging that he became disabled on May 24, 2008, due to symptoms associated with a learning disability, slowness in learning, and low comprehension. The medical evidence indicates that he had a depressive disorder and a personality disorder. Sanders also complained of lower back

pain and foot pain, but as the ALJ noted there was no evidence of these conditions in the medical record.

The ALJ issued a decision denying benefits on March 1, 2011. [R. 11-20.] The ALJ employed the standard five-step analysis. At step one, the ALJ confirmed that Sanders had not engaged in substantial gainful activity since his application date. At step two, the ALJ found Sanders suffered severe impairments of a depressive disorder and personality disorder. At step three, the ALJ found that Sanders' conditions did not satisfy any listed impairment. At step four, in analyzing Sanders' residual functional capacity, the ALJ further found that Sanders could: perform a full range of work at all exertional levels; understand, carry out, and remember simple instructions; respond appropriately to supervision, coworkers, and usual worker situations; deal with changes in routine work settings; and tolerate working primarily with objects, rather than with data or people. At step five, the ALJ found that Sanders could not perform past relevant work, but that there were a sufficiently significant number of jobs in the national economy that he could perform such that he did not qualify as disabled.

The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Sanders timely sought review of that decision by filing this case.

## DISCUSSION

Unless there is an error of law, the Court will uphold the Commissioner's findings of fact if they are supported by substantial evidence in the record. *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004); *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). A conclusion is supported by substantial evidence if there is a "logical bridge between the evidence and the result." *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000).

An applicant for disability insurance benefits must establish "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). The Social Security Administration's regulations prescribe the familiar five-step sequential inquiry outlined above. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001); 20 C.F.R. §§ 404.1520, 416.920.

The question I must answer is not whether or not Sanders is disabled, but whether there is substantial evidence in the record to support the ALJ's decision of "not disabled." *Books v. Chater*, 91 F.3d 972, 977 (7th Cir. 1996). I am not at liberty to reevaluate conflicting evidence or override the ALJ's decision with my own judgment as long as reasonable minds could differ on the outcome of the decision. *Lee v. Sullivan*, 988 F. 2d 789, 793-94 (7th Cir. 1993). After a careful review of the parties' briefs, Sanders' medical records, the ALJ hearing testimony, and the ALJ's decision, I have concluded that substantial evidence in the record supports the ALJ's finding that Sanders is not disabled.

In this case there is substantial evidence in the record to support the ALJ's decision of "not disabled." While the ALJ found that Sanders had depressive disorder and personality disorder, she found that "the objective [medical] findings in this case fail to provide strong support for the claimant's allegations of disabling symptoms and limitations." [R. 16.] This was a perfectly justifiably conclusion to reach. The first piece of evidence that undermines the claimant's allegations as to the severity of his mental disabilities is the fact that, since his alleged onset date, Sanders had received virtually no treatment. The only exception was a single visit to

a family practitioner Dr. Charles Myers. That visit was apparently primarily to establish evidence that would bolster his claim for disability benefits – the doctor's note indicates that Sanders came to the office seeking a disability diagnosis and that Sanders needed "an OK for [his] back." [R. 276.] The doctor found no physical impairments, but did diagnose Sanders with mood disorder and personality disorder and opined that those impairments would limit Sanders' ability to work. [R. 267, 276.] The ALJ reasonably concluded that this opinion should be given little weight, however. As the ALJ put it: "this opinion is afforded little weight as it is not substantially supported by objective medical findings, was apparently prepared in connection with the claimant's application for disability and is based on a one-time evaluation of the claimant." [DE 16.]

The ALJ also reasonably concluded that Sanders' allegations were not fully credible. The ALJ noted the minimal medical evidence to support Sanders' claim. Moreover, even the evidence that might have supported the claim was outdated and flawed. For instance, while Sanders had received treatment in the form of 17 counseling sessions in 2005, those sessions occurred almost three years before the alleged onset of disability. Moreover, during that time he "was reportedly able to work fulltime while taking classes in order to obtain his Bachelor of Science in Nursing." [R. 16.] As the ALJ concluded after surveying the medical evidence:

> There is no additional available evidence suggesting that the claimant sought any additional treatment for his alleged mental impairments, suggesting that his symptoms may not have been as serious as has been alleged in connection with his application for disability. Further, the claimant is not taking any medication for his mental impairments. Moreover, it is apparent that he has not sought any type of psychological treatment unless he has been forced to do so.

[R. 17.] Other factors similarly undermined Sanders' credibility. As the ALJ noted: "[T]he claimant is drawing unemployment, which I note that the receipt of such benefits require the

4

claimant to affirm that he is capable of working, and, is in fact contrary to his allegations of disability. His credibility is further compromised by his arrests for domestic violence and general failure to seek treatment." [R. 18.] Given the lack of medical evidence to support Sanders' claim and these other factors, the ALJ's credibility determination was not "patently wrong." *Elder v. Astrue*, 529 F.3d 408, 413–14 (7th Cir. 2008) (an ALJ's credibility determination will only be considered patently wrong when it lacks any explanation or support).

Similarly, the ALJ's determination that Sanders could perform a significant number of jobs in the national economy was also supported by substantial evidence. She reached this conclusion by applying the Medical-Vocational Guidelines and, in doing so, properly took administrative notice of the number of unskilled jobs in the national economy based on an assessment of a claimant's exertional limitations, age, education, and work experience. The ALJ was justified in concluding that Sanders had no exertional limitations and was therefore able to perform "heavy work" as defined at 20 C.F.R. pt. 404, subpt. P, app. 2. [R. 19.]

Sanders proceeded *pro se* at the hearing before the ALJ, and his appeal to this Court was also filed *pro se*. The limited briefing he has filed in this case fails to advance any substantive challenges to the aforementioned reasonableness of the ALJ's decision and instead only reiterates in his brief his various medical conditions and the symptoms he continues to experience. For instance, Sanders argues that he should be considered disabled because he has recently been experiencing foot and back problems. He made the same argument at his hearing, but the ALJ noted that these complaints had no evidentiary support in the medical record. [R. 14.] Moreover, the date of the complaints mentioned in his briefing (September 9, 2012) post-dates the ALJ's decision and even the filing of this case. He also repeatedly points to the finding

by Dr. Meyers that Sanders' impairments affected his ability to work, but, as already noted, the ALJ was justified in disregarding this statement.

While I can fully appreciate and sympathize the difficulties Mr. Sanders faces with his medical conditions, my review of the ALJ's decision to deny him benefits is limited to determining whether the decision is supported by substantial evidence. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). There is nothing presently before me that would indicate the ALJ's decision was not supported by substantial evidence.

## CONCLUSION

The ALJ provided legitimate reasons for his opinion based off on Sanders' medical records, residual functional capacity assessment, and hearing testimony regarding Sanders' ability to work. Accordingly, the decision of the ALJ is **AFFIRMED**.

**SO ORDERED**.

ENTERED: April 15, 2013    s/ Philip P. Simon
                           PHILIP P. SIMON, CHIEF JUDGE
                           UNITED STATES DISTRICT COURT